Metropolitan Lofts of NY, LLC v Metroeb Realty 1, LLC (2018 NY Slip Op 02320)





Metropolitan Lofts of NY, LLC v Metroeb Realty 1, LLC


2018 NY Slip Op 02320


Decided on April 4, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2015-03642
2015-03645
 (Index No. 503441/12)

[*1]Metropolitan Lofts of NY, LLC, appellant-respondent,
v Metroeb Realty 1, LLC, respondent, RedSky Capital, LLC, respondent-appellant.


Kaplan Kravet & Vogel, P.C. (Mischel & Horn, P.C., New York, NY [Scott T. Horn], of counsel), for appellant-respondent.
Lupkin & Associates PLLC, New York, NY (Jonathan D. Lupkin and Michael B. Smith of counsel), for respondent-appellant.
Cohen Tauber Spievack & Wagner, P.C., New York, NY (Kenneth J. Rubinstein and Jackson S. Davis of counsel), for respondent.
In an action to recover damages for breach of contract, for specific performance of a contract for the sale of real property, and for declaratory relief, the plaintiff appeals from (1) so much of an order of the Supreme Court, Kings County (Carolyn E. Demarest, J.), dated February 27, 2015, as granted the separate motions of the defendants, Metroeb Realty 1, LLC, and RedSky Capital, LLC, to recover damages, costs, and attorneys' fees resulting from the issuance of a preliminary injunction, and granted the separate cross motions of the defendants for sanctions against the plaintiff, and (2) so much of a judgment of the same court dated March 12, 2015, as, upon the order, is in favor of the defendant Metroeb Realty 1, LLC, and against the plaintiff in the principal sum of $2,469,354.95 and in favor of the defendant RedSky Capital, LLC, and against the plaintiff in the principal sum of $222,211.70; and the defendant RedSky Capital, LLC, cross-appeals from



DECISION & ORDER
(1) so much of the order as denied its motion to direct the plaintiff to replace an injunction bond with a cash undertaking and awarded it the sum of only $222,211.70 in damages, and (2) so much of the judgment as is in favor of it and against the plaintiff in the principal sum of only $222,211.70.
ORDERED that the appeal and cross appeal from the order are dismissed; and it is further,
ORDERED that the judgment is reversed, on the law and in the exercise of discretion, the separate motions of the defendants for damages, costs, and attorneys' fees resulting from the issuance of a preliminary injunction and the separate cross motions of the defendants for sanctions against the plaintiff are denied, the motion of the defendant RedSky Capital, LLC, to direct the plaintiff to replace an injunction bond with a cash undertaking is denied as academic, and the order is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal and cross appeal from the order must be dismissed because the right of direct appeal and cross appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal and cross appeal from the order are brought up for review and have been considered on the appeal and cross appeal from the judgment (see CPLR 5501[a][1]).
In light of our determination in Metropolitan Lofts of NY, LLC v Metroeb Realty 1, LLC (_____ AD3d _____ [Appellate Division Docket No. 2014-05885; decided herewith]), that the contract between the plaintiff and the defendant Metroeb Realty 1, LLC (hereinafter Metroeb), was valid and enforceable, the motions by Metroeb and the defendant RedSky Capital, LLC (hereinafter RedSky), to recover damages, costs, and attorneys' fees resulting from the issuance of a preliminary injunction should have been denied (see CPLR 3212[b]), the defendants' separate cross motions for sanctions against the plaintiff should have been denied (see 22 NYCRR 130-1.1[c]), and RedSky's motion to direct the plaintiff to replace an injunction bond with a cash undertaking should have been denied as academic.
MASTRO, J.P., BALKIN, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court